UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTWON T. PHILLIPS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:22-cv-00051 |
| CREDENCE RESOURCE MANAGEMENT, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ANTWON T. PHILLIPS ("Plaintiff"), by and through the undersigned counsel complaining as to the conduct of CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.,* the North Carolina Debt Collection Act ("NCDCA") under N.C. Gen. Stat. § 75-50 *et seq.,* and the North Carolina Consumer Protection Statute pursuant to N.C. Gen. Stat. § 75-1.1(a) *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in the Northern District of Texas, conducts business in the Northern District of Texas and a

1

substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Greensboro, North Carolina.

5. Defendant is a third party debt collector claiming to possess "Excellence beyond Belief."[1] Defendant is a limited liability company registered in the State of Nevada with its principal place of business located at 4222 Trinity Mills Road, Suite 260, Dallas, Texas 75287.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt in the approximate amount of $350.00 ("subject debt") that Plaintiff purportedly owed to T-Mobile USA ("T-Mobile").

8. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off, ultimately winding up in Defendant's hands for collection.

9. Sometime in 2021, Plaintiff began receiving calls to his cellular phone, (363) XXX-6369, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6369. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://credencerm.com/index.html

2

11. Defendant has used primarily used the phone number (336) 579-3461 when placing calls to Plaintiff's cellular phone, but Plaintiff believes that Defendant utilized additional phone numbers when placing calls to his cellular phone.

12. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activities.

13. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

14. Upon speaking with Defendant, Plaintiff was informed that it is acting as a debt collector attempting to collect upon the subject debt.

15. Defendant's harassing collection campaign caused Plaintiff to demand that Defendant cease calling his cellular phone.

16. In addition to this, Plaintiff mailed Defendant a certified letter requesting that Defendant cease placing calls to his cellular phone.

17. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone seeking payment on the subject debt.

18. Plaintiff has received dozens of calls from Defendant despite Plaintiff's explicit demands such contacts cease.

19. Frustrated over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls from debt collectors, emotional distress, increased risk of personal injury resulting from the distraction

caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692c(c)**

27. The FDCCPA, pursuant to 15 U.S.C. § 1692c(c), prohibits a debt collector from communicating with a consumer further if such consumer "notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . ."

28. Defendant violated § 1692c(c) when it placed calls to Plaintiff regarding the subject debt notwithstanding Plaintiff having sent Defendant a written request for such phone calls to cease.

    b. **Violations of FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least a dozen times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

    c. **Violations of FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact him. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant

misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

### d. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least dozen calls after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. As pled in paragraphs 20 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANTWON T. PHILLIPS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE NORTH CAROLINA DEBT COLLECTION ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1) of the NCDCA.

40. Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3) of the NCDCA.

### a. Violations of NCDCA § 75-52

41. The NCDCA, pursuant to N.C. Gen. Stat. § 75-52 provides that "[n]o debt collector shall use any conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt." Additionally, N.C. Gen. Stat § 75-52(3) prohibits debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances . . . ."

42. Defendant violated § 75-52 of the NCDCA by the use of conduct with the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt. Specifically, Defendant continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff into paying the subject debt.

### b. Violations of NCDCA § 75-55

43. The NCDCA, pursuant to N.C. Gen. Stat. § 75-55, prohibits debt collectors from using "any unconscionable means" to attempt to collect a debt.

44. Defendant violated § 75-55 of the NCDCA by attempting to collect on a debt by the use of unconscionable means. Defendant unfairly and unconscionably attempted to collect on a through

7

the harassing phone calls to Plaintiff. Attempting to coerce payment from a consumer, knowing such consumer could not make payment, by placing voluminous phone calls after Plaintiff explicitly and repeatedly demanded such contacts cease, underscores the unfair and unconscionable nature of Defendant's conduct. These means employed by Defendant only served to worry and confuse Plaintiff into submission.

WHEREFORE, Plaintiff, ANTWON T. PHILLIPS, respectfully request that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c. Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d. Awarding Plaintiff reasonable attorneys' fees and costs, pursuant to N.C. Gen. Stat. §§ 75-56(a) and 75-16.1;

e. Enjoining Defendant from further contacting Plaintiff; and,

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE NORTH CAROLINA CONSUMER PROTECTION STATUTE

45. Plaintiff repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Defendant violated N.C. Gen. Stat. § 75-1.1(a) by engaging in unfair, abusive and deceptive practices through its systematic collection efforts towards Plaintiff.

47. N.C. Gen. Stat. § 75-1.1(a) states:

> "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a).

48. The subject consumer debt constitutes "commerce" as defined by the N.C. Gen. Stat. § 75-1.1(b).

49. As alluded to above, Defendant engaged in unfair conduct in connection with Plaintiff and the subject debt.  Through systematic and frequent collection attempts, Defendant has relentlessly harassed Plaintiff through repeated phone calls.  Defendant was specifically notified by Plaintiff to stop contacting him, but it refused to do so. Defendant thus unfairly left Plaintiff with no avenue to escape its incessant contacts.

50. Violations of the NCDCA similarly constitute violations of the NCCPS. *See* N.C. Gen. Stat. § 75-56(a).

WHEREFORE, Plaintiff, ANTWON T. PHILLIPS, respectfully request that this Honorable Court enter judgment in his favor as follows:

g. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

h. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under N.C. Gen. Stat. § 75-16;

i. Awarding Plaintiff costs and reasonable attorney fees as provided under N.C. Gen. Stat. § 75-16.1;

j. Enjoining Defendant to cease contacting Plaintiff; and

k. Awarding any other relief as this Arbitrator deems just and appropriate.

Dated: January 10, 2022

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com